UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-cr-203 (NEB/DJF)

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

DORIAN CHRISTOPHER BARRS,

              Defendant.

**PLEA AGREEMENT AND
SENTENCING
STIPULATIONS**

The United States of America and the defendant, Dorian Christopher Barrs, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.   **Charges**. The defendant agrees to plead guilty to Counts One and Four of the Indictment, which charge the defendant with Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and 2251(e). The defendant fully understands the nature and elements of the crimes with which he has been charged.

Upon imposition of sentence, the government agrees to move to dismiss the remaining charges against the defendant contained in the Indictment. Additionally, in exchange for the defendant's guilty plea to Counts One and

1



Four of the Indictment, as well as the admission contained within this plea agreement, the United States agrees that it will not seek to prosecute the defendant for other conduct directly learned from the investigation which is known to the U.S. Attorney's Office at the time of the entry of this plea agreement.

2.     **Factual Basis**.  The defendant is pleading guilty because he is in fact guilty of Counts One and Four of the Indictment.  In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

The defendant admits that he resided in the State and District of Minnesota at all times relevant. The defendant admits that from in and around October 2014, through in and around March 2024, he used Snapchat accounts, text messaging, and other internet-based social media and communications applications to engage female minor victims in sexually-focused conversations. The defendant knew the minor victims were under the age of 18 because of his work in a position of trust as a volleyball coach, because the minor victims' ages were apparent from their social media platforms, and/or because the defendant had specifically communicated with some of the minor victims about their ages. The defendant acknowledges that many of the minor victims were between the ages of 15 and 17 years of age.

The defendant admits that, in perpetrating his crimes, he often assumed the identity and Snapchat account of a minor victim. The defendant admits that he did so in order to attempt to and knowingly employ, use, persuade, induce, entice, and coerce minor victims, located in Minnesota and elsewhere, into creating and sending him images and videos of themselves engaged in sexually explicit conduct. When the defendant received sexually explicit images and videos from minor victims, the defendant admits that he would also disseminate some of those images and videos to other minor victims to further his sexual conversations with those minor victims.

Further, the defendant admits that he attempted to and did knowingly persuade, induce, entice, and coerce multiple minor victims to produce child pornography and engage in sexual activity with the defendant, which under such circumstances would constitute a criminal offense.

*Count 1 and Minor Victim 1.* The defendant admits that on or about November 22, 2023, he knowingly employed, used, persuaded, induced, enticed, and coerced a pubescent girl, Minor Victim 1, approximately 15 years old, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant's cell phone contained a video file, approximately 43 seconds in duration, which depicted the defendant engaging in penetrative vaginal intercourse with Minor Victim 1. The defendant admits that he was Minor Victim 1's volleyball coach when he sexually exploited her.

3

The video file was stored on his phone, which the defendant acknowledges was mailed, shipped, or transported in interstate of foreign commerce.

In addition to the video file in Count 1, the defendant admits that his phone contained at least one other sexually explicit video file of the defendant engaging in penetrative vaginal conduct with Minor Victim 1. This video file—as described in Count 2 of the Indictment—was approximately one minute and 12 seconds in length. Further, as part of his sexual exploitation of Minor Victim 1, the defendant would repeatedly request Minor Victim 1 to send him sexually explicit nude images, which Minor Victim 1 complied with.

*Count 4 and Minor Victim 5.* The defendant admits that on or about November 9, 2021, he knowingly employed, used, persuaded, inducted, enticed, and coerced a pubescent girl, Minor Victim 5, approximately 15 years old, to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant's cell phone contained a video file, approximately 9 seconds in duration, which depicted a screen-recording compilation of Snapchat images of Minor Victim 5 engaged in sexually explicit conduct, including images that depicted Minor Victim 5 naked and touching her vagina. The defendant admits that he was Minor Victim 5's volleyball coach when he sexually exploited her. The video file was stored on his phone, which the defendant acknowledges was mailed, shipped, or transported in interstate of foreign commerce.

*Additional Known Minor Victims.* The defendant agrees and stipulates that additional victims of his criminal scheme are relevant for purposes of the Guidelines and the parties' and Court's assessments of the 3553(a) factors. To date, the United States has identified at least 18 additional minor victims whom the defendant solicited and enticed, or attempted to solicit and entice, to either produce child pornography, engage in unlawful sexual acts, or both. These additional identified victims include:

*Minor Victim 2.* The defendant admits that on or about August 16, 2022, he knowingly received visual depictions of Minor Victim 2 engaged in sexually explicit conduct. The defendant admits that the visual depictions were received at his requests. Specifically, the defendant received a video file approximately one minute and 30 seconds in duration, which depicted a screen-recording compilation of Snapchat images and videos of Minor Victim 2 engaged in sexually explicit conduct, including images that depicted Minor Victim 2 naked and touching her vagina. In addition to this video, law enforcement located several text messages between the defendant and Minor Victim 2 where the defendant texted Minor Victim 2 about kissing, sexual positions, oral sex, locations to have sex, and other items related to sexually explicit activity. The defendant admits that in or around August 2022, he and Minor Victim 2 engaged in sexual acts, including, but not limited to oral sex. The defendant

admits that he was Minor Victim 2's volleyball coach when he sexually exploited her.

*Minor Victim 3.* The defendant admits that he engaged in a sexual relationship with Minor Victim 3 from at least on or about March 31, 2021, through May 21, 2021. The defendant admits that he and Minor Victim 3 would text message regarding sexually explicit topics for the purpose of engaging in future sex acts. The defendant admits that subsequent messages reveal that he had engaged in sexual acts with Minor Victim 3. Further, the defendant admits that he used Minor Victim 3's social media, cellphone, or both, to obtain sexually explicit images and/or videos of other minor victims, as well as to initiate sexually-focused conversations with prospective minor victims. The defendant admits that he was Minor Victim 3's volleyball coach when he sexually exploited her.

*Minor Victim 4.* The defendant admits that he engaged in a sexual relationship with Minor Victim 4 from at least in and around the summer of 2020, through in and around November 2021. The defendant admits that he and Minor Victim 4 would text message regarding sexually explicit topics for the purpose of engaging in future sex acts. The defendant admits that he engaged in a sexual act with Minor Victim 4 on at least one occasion. Further, the defendant admits that he used Minor Victim 4 or her social media, cellphone, or both, to obtain sexually explicit images of other minor victims,

6

including Minor Victim 15, without their knowledge or consent. The defendant admits that he was Minor Victim 4's volleyball coach when he sexually exploited her.

*Minor Victim 11*. The defendant admits that he attempted to engage in sexual acts with Minor Victim 11, approximately 17 years old. Specifically, the defendant used an assumed identity to gain access to Minor Victim 11 through social media and would ask Minor Victim 11 sexually explicit questions including whether Minor Victim 11 would be willing to have sex with the defendant. The defendant admits that he was Minor Victim 11's volleyball coach when he attempted to sexually exploit her.

*Minor Victim 12*. The defendant admits that he attempted to engage in sexual acts with Minor Victim 12, approximately 17 years old. Specifically, the defendant used an assumed identity to gain access to Minor Victim 12 through social media and would ask Minor Victim 12 sexually explicit questions including whether Minor Victim 12 would be willing to have sex with the defendant. Additionally, the defendant, using the assumed identity, would request sexually explicit images from Minor Victim 12. The defendant admits that he was Minor Victim 12's volleyball coach when he attempted to sexually exploit her.

*Minor Victim 13*. The defendant admits that he attempted to engage in sexual acts with Minor Victim 13. Specifically, the defendant used an assumed

identity to gain access to Minor Victim 13 through social media and would ask Minor Victim 13 sexually explicit questions. Additionally, the defendant, using the assumed identity, would request sexually explicit images from Minor Victim 13. The defendant admits that he was Minor Victim 13's volleyball coach when he attempted to sexually exploit her.

*Minor Victim 17.* The defendant admits that he used an assumed identity and requested sexually explicit images and/or videos from Minor Victim 17. The defendant admits that he was Minor Victim 17's volleyball coach when he attempted to sexually exploit her.

The defendant admits that he committed similar exploitative conduct with Minor Victim 14, Minor Victim 15, Minor Victim 16, and Minor Victim 18.

In addition to the victims previously mentioned, the Government's investigation into the defendant's social media history uncovered other additional minor victims with whom the defendant did not have a supervisory and/or position of trust relationship. The defendant agrees that he would often randomly message minor girls on social media platforms such as Kik, Whisper, and/or MeetMe. While on these platforms, the defendant would repeatedly request for the minor victims to send him sexually explicit images and/or videos. The defendant admits that he requested and/or received sexually explicit images and/or videos from the following individuals:

- Minor Victim 6 (17 years old);

- Minor Victim 7 (15 years old);

- Minor Victim 8 (17 years old);

- Minor Victim 9 (14 years old); and

- Minor Victim 10 (16 years old).

The defendant agrees that if some of the conduct outlined herein is not relevant conduct, that it should be considered stipulated conduct pursuant to U.S.S.G. § 1B1.2(c).

Lastly, the defendant admits that at all times he acted voluntarily, and knew that his actions violated the law.

3.    **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to file pre-trial motions in this case.

4.    **Waiver of Constitutional Trial Rights.**  The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination.  The

9

defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.    **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.    **Statutory Penalties**. The defendant understands that Counts One and Four of the Indictment, charging Production of Child Pornography, in

violation of 18 U.S.C. § 2251(a) and 2251(e) are felony offenses that each carry the following statutory penalties:

a.   a mandatory minimum of 15 years in prison;

b.   a maximum of 30 years in prison;

c.   a supervised release term of at least five years up to a maximum supervised release term of life;

d.   a maximum fine of $250,000;

e.   payment of mandatory restitution in an amount to be determined by the Court;

f.   a mandatory special assessment of $100 per count of conviction under 18 U.S.C. § 3013(a)(2)(A);

g.   a mandatory payment of $5,000 to the Domestic Trafficking Victims' Fund if the defendant is found not to be indigent, pursuant to 18 U.S.C. § 3014; and

h.   an assessment, pursuant to 18 U.S.C. § 2259A(a)(3) of not more than $50,000, depending on the defendant's ability to pay.

7.   **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

a.     <u>Base Offense Level</u>.  The parties agree that the base offense level for each count is **32**.  U.S.S.G. § 2G2.1(a).

b.     <u>Specific Offense Characteristics</u>.  The parties agree that the offense level should be increased by **2 levels** because the offense involved a minor who was older than 12 years old but younger than 16 years old.  U.S.S.G. § 2G2.1(b)(1)(B).

The parties agree that the offense level should be further increased by **2 levels** because the offense involved a sexual act or sexual contact.  U.S.S.G. § 2G2.1(b)(2)(A).

The parties agree that the offense level should be increased by **2 levels** because the offense involved a minor who was in the custody, care, or supervisory control of the defendant.  U.S.S.G. § 2G2.1(b)(1)(5).

The parties agree that the offense level should be increased by **2 levels** because the offense involved the knowing misrepresentation of the defendant's identity in order to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or use of a computer or interactive computer service to persuade, induce, entice, coerce . . . a minor to engage in sexually explicit conduct.  U.S.S.G. § 2G2.1(b)(1)(6)(A-B).

The parties agree that no other specific offense characteristics apply.

c.     <u>Chapter 3 Adjustments</u>.  The parties agree that the offense level should be increased by **2 levels** because the defendant used or attempted to use a person less than 18 years of age to commit the offense or assist in avoiding detection of, or apprehension for the offense.  U.S.S.G. § 3B1.4.

d.     <u>Grouping</u>.  The parties agree that Count One and Count Four do not group because each involves a separate victim and separate harms.  U.S.S.G. § 3D1.2(d).  Because each count of conviction involves two victims with conduct equally as serious, a **2-level** increase applies.  U.S.S.G. § 3D1.4.

12

e.  <u>Repeat and Dangerous Sex Offender Against Minors</u>. The parties agree that a **5-level** upward adjustment applies because the instant offenses include covered sex crimes, neither U.S.S.G. §§ 4B1.1 nor 4B1.5(a) apply, and the defendant engaged in a pattern of activity involving prohibited sexual conduct. U.S.S.G. § 4B1.5(b)(1).

f.  <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level** reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).  As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional **1-level** reduction pursuant to U.S.S.G. § 3E1.1(b).  Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

g.  <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category **I**.  U.S.S.G. § 4A1.1.  This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the

13

Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

h.  Guidelines Range. If the adjusted offense level is **46 (reduced to 43)**, and the criminal history category is **I**, the Sentencing Guidelines range is **life imprisonment.** Because that range exceeds the statutory maximum, the Sentencing Guidelines range is **720 months' imprisonment**.

The defendant understands that, regardless of the Guidelines range, the statutory mandatory minimum sentence in this matter is **180 months** of imprisonment.

i.  Fine Range. If the adjusted offense level is **43**, the Sentencing Guidelines fine range is $**50,000 to $500,000**. U.S.S.G. § 5E1.2(c).

j.  Supervised Release. The Sentencing Guidelines' term of supervised release is **5 years to life**. U.S.S.G. § 5D1.2.

8.  **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the

14

defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** Based on the information currently known, the United States agrees it will not recommend a sentence above 420 months' imprisonment, and the defendant agrees that he will not argue for a sentence lower than 240 months' imprisonment. Additionally, the parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

15

11.    **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees that the $200 special assessment under 18 U.S.C. § 3013 is due and payable at the time of sentencing. The defendant also understands that the Court may impose special assessments of $5,000 payable to the Domestic Trafficking Victims' Fund, 18 U.S.C. § 3014, and up to $50,000 pursuant to the Amy, Vicky, and Any Child Pornography Victim Assistance Act of 2018, 18 U.S.C. § 2259(A)(a)(3). Imposition of these special assessments is guided by the factors set forth in 18 U.S.C. § § 3553(a) and 3572, including the defendant's ability to pay.

12.    **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. §§ 2248, 2259, and 3663A(a)(3) apply in this case and that the Court is required to order the defendant to make restitution to the victims of the defendant's offenses, including those victims not named in either count of conviction. The parties agree that the amount of restitution owed will be determined using 18 U.S.C. §§ 2248 and 2259 to reflect the full amount of the victims' losses. At present, there are no restitution requests. However, and in the event of subsequent restitution requests, the defendant agrees that he owes restitution to each minor victim (1 through 18).

13. **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14. **Sex Offender Registration.** The defendant understands that by pleading guilty, he will likely be required to register as a sex offender upon release from prison as a condition of his supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, the defendant may be subject to federal, state, and/or tribal

17

sex-offender registration requirements and that those requirements may apply throughout the defendant's life.  *See* 18 U.S.C. § 2250, 34 U.S.C. § 20901, *et seq.*

15.    **Forfeiture**.  Pursuant to 18 U.S.C. § 2253(a) for Counts One and Four of the Indictment, the defendant understands and agrees that the following property is subject to forfeiture:

> a. any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110, United States Code;

> b. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

> c. any property, real or personal, used or intended to be used to commit or to promote (or, for Count 5, to facilitate) the commission of such offenses, or any property traceable to such property.

The defendant agrees that the property subject to forfeiture includes but is not limited to: (a) Samsung S22, S/N R5CTA1JZBPR, IMEI: 354730481057572; and (b) Samsung S22 S/N: RFCT32K22GL, IMEI 350779533526567.

The defendant agrees that these items are subject to forfeiture because they were used to commit Counts One and Four of the Indictment and related relevant and/or stipulated conduct in Paragraph 2 of this Plea Agreement. The United States reserves the right to seek forfeiture of substitute assets and to

forfeit additional directly forfeitable property. The defendant waives any right to the return of any digital data contained on the electronic devices that are subject to forfeiture. The defendant understands that law enforcement is continuing to process other devices seized from the defendant. The defendant agrees that should a review of those devices yield any items described in this paragraph, those devices are subject to forfeiture as well.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and waives any right to contest or challenge (including direct appeal, habeas corpus, or any other means) such forfeiture on any grounds.

16.   **Waivers of Appeal and Collateral Attack**.   The defendant hereby waives the right to appeal any non-jurisdictional issues.  This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.  The parties agree, however, that excluded from this waiver is

an appeal by defendant of the substantive reasonableness of a term of imprisonment above 420 months' imprisonment.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below 240 months' imprisonment.

17. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18.    **Complete Agreement**.    This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.  By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

ANDREW M. LUGER
United States Attorney

Date: December 30, 2024

BY:    Evan B. Gilead
Assistant United States Attorney

Date: December 30 2024

Dorian Christopher Barrs
Defendant

21

Date: _12/30/74_                    _____

Aaron J. Morrison
Counsel for Defendant